CHARLES B. PIERCE vs. ELIJAH P. BALKAM.

The assignee of two mortgages of the same land, made by the same mortgagor, at different times, to different mortgagees, may unite them in one action of foreclosure, and recover thereon a conditional judgment, specifying the amount due on each, and that unless both sums are paid within two months, the plaintiff shall have his execution for possession.

THIS was a real action, brought in the court of common pleas, for the foreclosure of two mortgages, upon which, the demandant contended, he was entitled to a single consolidated conditional judgment.

It appeared, that the tenant, on the 18th of December, 1844, made a mortgage of a certain estate in Dorchester, to Alexander Pope and John H. Robinson, as the trustees of Elizabeth H. Pierce, then the wife of the demandant, to secure the payment of a promissory note for $1000, in one year from the date thereof, which was the date of the mortgage, with interest payable semi-annually ; and, that, on the 16th of April, 1845, after the decease of Elizabeth H. Pierce, Pope and Robinson, the mortgagees, assigned the note and mortgage to the demandant, as the sole devisee and legatee of the property and estate of his deceased wife.

It appeared, also, that the tenant, on the 1st of January, 1845, made a mortgage of the same estate to Asahel H. Glover, to secure the payment of a note for $275, payable in one year, with interest annually ; and that Glover, on the 28th of July, 1846, assigned the note and mortgage to the demandant.

The court (*Mellen*, J.) ordered a consolidated conditional judgment to be entered for the demandant on both mortgages ; and the tenant thereupon alleged exceptions.

*N. F. Safford*, for the tenant, relied on *Peck* v. *Hapgood*, 10 Met. 172.

*J. J. Clarke*, for the demandant.

SHAW, C. J. The plaintiff in this case, which is a real action to foreclose a mortgage, is the assignee of two distinct mortgages, made to secure the payment of two distinct notes, on one and the same parcel of land. The defendant insists that the plaintiff ought not to have one consolidated conditional judgment for the amount of both of these notes, relying on the authority of the case of *Peck* v. *Hapgood*, 10 Met. 172. But the distinction is manifest. There the two mortgages embraced distinct parcels of land, and the debts were due from different persons.

It appears to us, that when the debts are both due from the defendant to the plaintiff, and both mortgages cover the same parcel of land and no more, the party may embrace both in one suit and in one judgment. The object of the suit is, to have payment of the debt for which the land is hypothecated, or possession of the land itself. As between these parties, the debtor can neither redeem nor stay the writ of *habere facias*, without paying both sums. Payment of either one would not clear him, any more than payment in part of a single debt.

But as it is possible that the rights of some other party may intervene, it is proper for the judgment to specify the amount due on each note, and then add, that unless both said sums, amounting in all to, &c., be paid within two months, then writ of seizin to issue. The power is given to the court, under the Rev. Sts. *c.* 107, § 29, to enter such special judgment, as justice and equity in each case may require. And it is obviously the policy of the law, and beneficial to all parties, in saving expense, to avoid two suits between the same parties, when one will afford a complete remedy.

A passage was cited from the case of *Peck* v. *Hapgood*, expressing an opinion, that when the same person is mortgagee in two distinct mortgages to secure several debts, and the same person is mortgagor in both, they cannot be united in one suit, and one consolidated judgment rendered. That, as an abstract proposition, would reach this case. But it is not an abstraction; it was made in reference to the case in hand, and the generality of the words was modified by the subject to which it was applied. The main point of inquiry shows that it referred to two mortgages on distinct parcels of estate. This opinion, we think, therefore, is not opposed to the authority of that case.

The court are therefore of opinion, that the plaintiff is entitled to a special conditional judgment, specifying what is due on each note distinctly, and judgment that the plaintiff have his writ of seizin, unless both said sums are paid in two months.